## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

### Northern Division

|  |  |  |
|---|---|---|
| MARGIE SLONE<br>7801 Peninsula Expressway<br>Apartment 101<br>Dundalk, Maryland | ) ) ) ) ) | Case No.: _____ |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| AMERICAN HONDA FINANCE CORP.<br>19603 S. Vermont Ave.<br>Torrance, CA 90502, | ) ) ) ) |  |
| Defendant. | ) ) |  |

### NOTICE OF REMOVAL

Defendant American Honda Finance Corporation ("Honda Finance") by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP timely files this Notice of Removal, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and U.S. District Court for the District of Maryland Local Rule 103.5(a), removing the above-captioned matter to the United States District Court for the District of Maryland, Northern Division, from the Circuit Court for Baltimore City, Maryland, and states as follows:

### I.   STATEMENT OF COMMENCEMENT OF THE ACTION

1.   Plaintiff Margie Slone filed this lawsuit on July 18, 2016, in the Circuit Court of Baltimore City, Maryland, Case No. 24-C16003861 (the "State Court Action"). The Complaint asserts claims of conversion and civil theft; violation of the Maryland Creditor Grantor Close End Credit Provisions; violation of the Maryland Consumer Debt

Collection Act; and violation of the Maryland Consumer Protection Act. The Complaint and Summons were served on Honda Finance through its registered agent on July 14, 2016.  Pursuant to Fed. R. Civ. P. 6(a)[1] and 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of Defendant's receipt of the initial state court pleading.

## II.   PLEADINGS AND NOTICE TO STATE COURT

2.   A true and correct copy of all process, pleadings, and orders served upon Defendant are attached hereto as Exhibit A and are being filed along with this Notice of Removal.

3.   A copy of the Notice of Filing of Notice of Removal, filed with the Clerk of the Circuit Court for Baltimore City, Maryland, and served on Plaintiff's counsel, as required by 28 U.S.C. §1446(d) is attached hereto as Exhibit B.

4.   Defendant has not yet filed a responsive pleading in this matter.

## III.   STATEMENT OF STATUTORY BASIS FOR JURISDICTION

5.   This action is within the original jurisdiction of the United States District Court pursuant 28 U.S.C. § 1332 (diversity jurisdiction where "[t]he District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between  . . . citizens of difference states.").

## IV.   CITIZENSHIP OF THE PARTIES

6.   Honda Finance is a California corporation, as properly indicated in the

---

[1] Pursuant to Fed. R. Civ. P. 6(a)(1)(C), for purposes of computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Here, thirty days from the date of service was Saturday, August 13, 2016. Under the aforementioned Rule, the deadline to timely file this Notice is Monday, August 15, 2016.

caption of Plaintiff's Complaint. *See also* Defendant's Corporate Disclosure Statement, which is being filed contemporaneously with this Notice of Removal. Additionally, Plaintiff alleges that she is a resident of Dundalk, Maryland. *See* Plaintiff's Complaint, at ¶ 1.

7.   Therefore, diversity of citizenship under 28 U.S.C. § 1332(a) exists between the parties because Plaintiff is a resident of Maryland and Honda Finance is a California corporation.

## V.   **AMOUNT IN CONTROVERSY**

8.   "The general federal rule is to decide the amount in controversy from the complaint itself." *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961).   Further, there is a strong presumption that the amount alleged in the Complaint is correct.   If the amount in controversy is specific and drafted by an attorney, it is entitled to deference and the presumption of truth.   *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-290 (1983).

9.   Plaintiff seeks damages "in excess of seventy-five thousand dollars ($75,000)" at the conclusion of each of her four causes of action.   *See* Plaintiff's Complaint, *ad damnum* clauses.   Therefore, the total amount in controversy, exclusive of interests and costs, exceeds the jurisdictional requirement set forth in 28 U.S.C. § 1332.

## VI.   **CONCLUSION**

10. Therefore, due to the fact that (1) there is complete diversity of citizenship among the parties and that (2) the amount in controversy exceeds $75,000, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendant American Honda Finance Corp. respectfully requests that this Notice of Removal be accepted and that the State Court Action be removed from the Circuit Court of Baltimore City, Maryland to the United States District Court for Maryland, Northern Division.


Dated:  August 12, 2016                    Respectfully submitted,

                                            **WILSON, ELSER, MOSKOWITZ,
                                            EDELMAN & DICKER LLP**


                                  By:  _Kevin Farrell /BH_
                                       Kevin P. Farrell (Bar No. 27988)
                                       700 11th Street, N.W.
                                       Suite 400
                                       Washington, DC  20001
                                       Telephone: (202) 626-7660
                                       Facsimile:  (202) 628-3606

                                       *Attorneys for Defendant American Honda
                                       Finance Corporation*

## CERTIFICATE OF SERVICE

I HEREBY certify that the above Notice of Removal was served, via U.S. Mail

and e-mail on this 12th day of August, 2016, on the following:

> Kathleen P. Hyland
> Hyland Law Firm, LLC
> 16 E Lombard Street, Suite 400
> Baltimore, MD 21202
> ***Attorney for Plaintiff Margie Slone***

Kevin P. Farrell, Esq.

865142v.1