| | |
|---|---|
| MARGIE SLONE<br>7801 Peninsula Expressway<br>Apartment 101<br>Dundalk, Maryland | *    IN THE<br><br>*    CIRCUIT COURT |
| *Plaintiff* | *    FOR |
| v. | *    BALTIMORE CITY |
| AMERICAN HONDA FINANCE<br>CORPORATION, T/A<br>HONDA FINANCIAL SERVICES<br>19603 S. Vermont Avenue<br>Torrance, Ca 90502 | *    CASE NO._____<br><br>* |
| SERVE ON:<br>RESIDENT AGENT<br>The Corporation Trust<br>Incorporated<br>351 West Camden Street<br>Baltimore, Maryland 21201 | *<br><br>*<br><br>* |
| *Defendant* | * |

## COMPLAINT
## AND
## DEMAND FOR JURY TRIAL

Plaintiff, Margie Slone, by and through her attorney, Kathleen P. Hyland and Hyland Law Firm, LLC, hereby files this Complaint against American Honda Finance Corporation and states as follows:

## PARTIES

1.   Plaintiff Margie Slone ("Slone") resides at 7801 Peninsula Expressway, Apt. 101 in Dundalk, Maryland 21222.   Ms. Slone owned the automobile that is subject to this dispute, a used 2011 Honda Fit ("the vehicle").

2.    At all times material hereto, American Honda Finance Corporation ("Honda Finance") was registered with the Maryland State Department of Assessments and Taxation (SDAT) to do business in Maryland as "Honda Financial Services." Honda Finance was a creditor as defined in Md. Code Ann., Com. Law § 12-701(e), and was engaged in trade or commerce with things of value and extending credit to buyers.  Honda Finance maintains a sales finance license with the Maryland Department of Labor, Licensing, and Regulation (License No. 3076).

## JURISDICTION AND VENUE

3.    The Circuit Court has exclusive original subject matter jurisdiction over the claims asserted herein because the Plaintiff seeks in excess of $30,000 in damages and has exercised her rights to a trial by jury.

4.    The Circuit Court can exercise personal jurisdiction over the Defendant, which can be served with process in Maryland. Honda Finance is qualified to do business in Maryland with the State Department of Assessments and Taxation and maintains a resident agent in Maryland.

5.    This Court has jurisdiction and venue of all causes of actions alleged herein, as the claims for relief accrued in Maryland; Honda Finance regularly conducts business and files lawsuits against consumers and enforces judgment liens in Baltimore City, Maryland.

## FACTUAL ALLEGATIONS

6.     Margie Slone is seventy years old (70) and suffers from back tremors, neuropathy, and depression.  She is retired from her career as a special education teacher at the Maryland School for the Blind, the Children's Guild, and other Maryland schools, where she taught for over thirty years.

7.     On May 30, 2014, Margie Slone ("Ms. Slone") purchased a used 2011 Honda Fit from Bel Air Honda, 1800A Bel Air Road, Fallston, Maryland 21047.

8.     Ms. Slone purchased and used the vehicle primarily for personal, household, and family purposes.

9.     Ms. Slone signed a Retail Installment Contract ("credit contract") for an Amount Financed of $17,642.61 and Annual Percentage Rate of 4.94%.  **See Exhibit 1,** "credit contract."

10.     At the time of purchase, Ms. Slone exchanged a trade-in vehicle, and Honda Finance applied $2,735.00 towards the purchase price of the vehicle, and rolled the balance of the her trade-in vehicle into her credit contract.

11.     Ms. Slone also purchased a gap insurance policy for $750.00 and an extended warranty for $2,102.73.

12.     At the time of signing, on May 30, 2014, the credit contract was assigned to Honda Finance.

13.     The credit agreement affirmatively elects to be governed by "Subtitle 10, "Credit Grantor Closed End Credit Provisions," of Title 12 of the Commercial Law Article of the Annotated Code of Maryland" ("CLEC.")

14.     At the time of signing, Ms. Slone explained that her only income comes from Social Security Retirement Income, and that her son Robert James Pauley was signing as a co-signer.  With that knowledge, both parties executed the agreement.

15.     At the time of signing, a representative from Bel Air Honda informed Ms. Slone that she would not have to make any payments on the contract until August of 2014 as a "signing bonus."

16.     Upon information and belief, the signing bonus was not applied to Ms. Slone's account, and Honda Finance claimed her account was delinquent on July 28, 2014 and applied late charges of $5.00 to her account. See **Exhibit 2**, "Loan Payment History."

17.     In August 2014, September 2014, and October 2014, Ms. Slone made payments on her account.

18.     In September 2014, Ms. Slone contacted Honda Finance to correct the accounting error with her contract by fixing the due date.  On September 12, 2014, Honda denied her request to fix the accounting error. **See Exhibit 3**, "Due Date Change Request Denial Letter."

19.     On or about November 12, 2014, Ms. Slone fell in her house and suffered serious injuries.  She was incapacitated on bed rest and fell behind on her administrative matters and financial obligations.

20.     In order to catch up with her bills and establish financial security, Ms. Slone entered into a contract to sell her mobile home for $33,000.00.  The

closing date for this transaction was December 8, 2014. **See Exhibit 4**, "Mobile Home Purchase Agreement."

21.     On or about December 8, 2014, Ms. Slone called Honda Finance and informed them that she had been injured and would be paying her past due amounts to be caught up with her auto loan. Honda Finance provided assurances that this delay was acceptable.

22.     On December 15, 2014, before the check from the mobile home sale was deposited, Honda Finance repossessed the vehicle.

23.     Upon information and belief, Ms. Slone did not receive any pre-repossession notices, as required by CLEC.

24.     On December 16, 2014, Ms. Slone contacted Honda Finance to redeem her vehicle. She informed them she wanted to redeem the vehicle and pay down the loan by at least $6,000.00. A representative from Honda Finance informed her that Honda Finance was not sure where the vehicle was.

25.     Upon information and belief, Ms. Slone did not receive any post-repossession notices, as required by CLEC, and did not have any information about her vehicle's location.

26.     On December 23, 2014, once the check for her mobile home sale had cleared, Ms. Slone withdrew $10,000.00 from her bank account to redeem her vehicle. **See Exhibit 5**, "Wells Fargo Transaction History."

27.     On or about December 23, 2014, Ms. Slone again contacted Honda Finance and attempted to redeem her vehicle.  A representative from Honda

Finance informed her that they did not know where her vehicle was stored. The representative did not allow Ms. Slone to redeem her vehicle.

28.     In late December, despite denying that they knew where her car was located, a male representative from Honda Finance delivered Ms. Slone's license plates to her home address, without her asking for them.

29.     In January 2015, Ms. Slone called Honda Finance at least twice. Each time, a representative from Honda Finance informed her that they did not have her car and did not accept her attempts to redeem her vehicle.

30.     On or about February 19, 2015, Honda Finance sent Ms. Slone a post-sale notice, stating that her vehicle had been sold on February 10, 2015 in a private sale for $9,700.00 to Atlanta Used Cars, 4430 Hwy 29, Lilburn, Georgia 30047.

31.     The post-sale notice further included charges for the repossession and auction, even though Ms. Slone did not receive the required pre-repossession notices.

32.     The post-sale notice failed to include credits and refunds for gap insurance and the extended warranty.

33.     In November 2015, Ms. Slone received letters from a debt collector, SRA Associates of New Jersey, Inc., attempting to collect a deficiency balance of $6,104.93 on behalf of Honda Finance.

34. In November 2015, Ms. Slone spoke with a representative from SRA Associates of New Jersey, Inc., who informed her that she should have received notices before the vehicle was repossessed.

35. Pursuant to § 12-1021(f) through § 12-1021(h)(1) of CLEC, Ms. Slone had a legal right to redeem her vehicle from repossession. Honda Finance deprived Ms. Slone of her legal right to redeem her vehicle.

36. Honda Finance's willful acts have caused Ms. Slone the following damages:

a. Loss of her primary vehicle

b. The value of her down payment and her trade-in vehicle

c. Loss of payments made on the vehicle

d. Extreme stress and mental anguish, for which Ms. Slone saw a counselor

e. Strains on her family relationships

f. Extreme humiliation

g. Loss of appetite, weight loss, and sleeplessness

h. Damage to credit

i. Denial of credit from Lendmark Financial Services, Green Tree, Wells Fargo, and other credit providers

j. Exacerbation of her existing physical conditions, which are worsened by stress.

## COUNT ONE
### CONVERSION AND CIVIL THEFT

37.   The Plaintiff incorporates by reference the foregoing allegations of this Complaint.

38.   Honda Finance had no legal right to keep Ms. Slone's vehicle when she sought to redeem it.

39.   Honda Finance wrongfully sold the vehicle to a third party.

40.   Honda Finance permanently deprived Ms. Slone of the vehicle.

41.   Honda Finance's seizure and resale of Ms. Slone's vehicle constitutes conversion, wrongful repossession, and civil theft of Ms. Slone's vehicle.

42.   As a direct consequence of Defendant Honda Finance's acts, practices, and conduct, Ms. Slone lost possession and use of her vehicle and incurred costs for substitute transportation, was humiliated and greatly embarrassed to have her vehicle permanently repossessed, suffered inconvenience, emotional distress, anxiety, and loss of sleep, and incurred other losses and damages.

43.   Defendant Honda Finance acted with actual malice towards Ms. Slone, in willful, wanton disregard of her interests, in pursuit of Honda Finance's own financial interests.

WHEREFORE, Ms. Slone respectfully requests that the Court enter judgment in her favor, against Honda Finance, for compensatory damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000) and

punitive damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000) and grant Ms. Slone such other relief as the Court deems proper.

### COUNT TWO
### VIOLATION OF THE MD. CREDIT GRANTOR CLOSED END CREDIT PROVISIONS
### Md. Code Ann., Com. Law § 12-1001 *et. seq.*

44.     The Plaintiff incorporates by reference the foregoing allegations of this Complaint.

45.     Honda Finance is "credit grantor" within the meaning of Md. Code Ann., Com. Law § 12-1001(b) ("CLEC").

46.     Ms. Slone is a "consumer borrower" within the meaning of CLEC, Com. Law § 12-1001(d).

47.     Pursuant to § 12-1021(f) through § 12-1021(h)(1) of CLEC, for 15 days after the credit grantor gives notice of a repossession, a consumer borrower may redeem and take possession of the property and resume performance of the agreement by tendering the amount due under the agreement at the time of the redemption.

48.     Honda Finance violated CLEC by denying Ms. Slone her right to redeem the property in December 2014.

49.     Honda Finance further violated CLEC by failing to send the appropriate notices before and after repossession pursuant to § 12-1021(e)

50.   Pursuant to § 12-1021, by violating CLEC, Honda Finance is not entitled to any deficiency judgment to which it would be entitled under the loan agreement.

51.   Pursuant to § 12-1018, by violating CLEC, Honda Finance is not entitled to any costs, fees, or other charges collected on this loan.

52.   Defendant Honda Finance acted with knowledge and therefore is liable to Plaintiff for treble damages pursuant to Com. Law § 12-1018(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and against Defendant for actual and emotional damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000), interest and costs, attorney's fees, and such other relief as the nature of the case may require. Ms. Slone also prays for a declaratory judgment stating that due to Honda Finance's violations of CLEC, Honda Finance is barred from collecting any deficiency balance from Ms. Slone.

## COUNT THREE
### VIOLATION OF THE MD. CONSUMER DEBT COLLECTION ACT
### Md. Code Ann., Com. Law § 14-201 *et. seq.*

53.   The Plaintiff incorporates by reference the foregoing allegations of this Complaint.

54.   The Plaintiff incurred a debt, which was primarily for personal, family, or household purposes, and is therefore a "consumer transaction" as that term is defined by the MCDCA.

55.     Defendant Honda Finance attempted to collect a debt arising from a credit contract secured by Ms. Slone's vehicle, and is thus a "collector" within the meaning of the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann. Com. Law § 14-201 (b).

56.     Pursuant to § 14-202(8), a collector may not claim, attempt, or threaten to enforce a right with knowledge that the right does not exist.

57.     Pursuant to § 14-203, a collector in violation of the MCDCA is liable for any damages proximately caused by the violation.  This explicitly includes damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

58.     Honda Finance violated § 14-202(8) by reselling the vehicle to enforce a debt with knowledge that Ms. Slone had made a demand to redeem her vehicle.

59.     Honda Finance further violated § 14-202(8) by sending Ms. Slone debt collection letters for a deficiency balance it does not have the legal right to collect.

60.     As a result of the Defendant's illegal actions, the Plaintiff suffered from permanent loss of her vehicle, trade-in, and down payment.

61.     The Defendant's illegal actions in collecting this debt also caused the Plaintiff to suffer extreme distress, and mental anguish.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and against Defendant for actual and emotional damages

in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000), interest and costs, attorney's fees, and such other relief as the nature of the case may require.

**COUNT FOUR**
**VIOLATION OF THE MD. CONSUMER PROTECTION ACT**
**Md. Code Ann., Com. Law § 13-101 *et. seq.***

62.     The Plaintiff incorporates by reference the foregoing allegations of this Complaint.

63.     Ms. Slone is a consumer as defined by the Maryland Consumer Protection Act ("MCPA"), Maryland Code Annotated, Commercial Law § 13-101(c).

64.     Honda Finance is a merchant as defined by § 13-101(g)(1) of the MCPA.

65.     Section 13-303(1) of the MCPA prohibits unfair or deceptive practices in the sale of consumer goods, consumer services, and the extension of consumer credit.

66.     Pursuant to § 13-301(14)(iii) of the MCPA, any violation of the MCDCA is also a violation of the MCPA.

67.     The Plaintiff relied on Honda Finance to her detriment when she purchased the vehicle and signed the credit contract.

68.     Defendant Honda Finance engaged in unfair and deceptive practices by refusing to let Ms. Slone redeem her vehicle, when she had the legal right to do so.

69. As a direct consequence of Defendant's violations of the MCPA, the Plaintiff has suffered an injury or loss and is entitled to damages and attorneys' fees pursuant to MCPA § 13-408.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against the Defendant for actual damages and losses (including economic and non-economic) in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000) award reasonable attorney's fees, litigation expenses and costs, and grant the Plaintiff such other and further relief as this Court finds necessary and proper.

Respectfully Submitted,

Kathleen P. Hyland
HYLAND LAW FIRM, LLC
16 E Lombard Street, Suite 400
Baltimore, MD 21202
(410) 777-5396 (Tel.)
(410) 777-8237 (Fax)
kat@lawhyland.com

*Attorney for Plaintiff*

## NOTICE OF CLAIM FOR ATTORNEY'S FEES

Plaintiff hereby gives notice, pursuant to the Maryland Rules, that she seeks attorneys' fees pursuant to statute, in this case.

## REQUEST FOR A TRIAL BY JURY

Plaintiff request a trial by jury of any claims that may be determined by a jury.

Dated: July 1, 2016

Kathleen P. Hyland
HYLAND LAW FIRM, LLC
16 E Lombard Street, Suite 400
Baltimore, MD 21202
(410) 777-5396 (Tel.)
(410) 777-8237 (Fax)
kat@lawhyland.com

*Attorney for Plaintiff*